UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BEVERLY FOX,                                              CIVIL NO. 05-682 (DWF/JSM)

    Plaintiff,

v.                                                        REPORT AND RECOMMENDATION

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS LOCAL 2000, et al.,

    Defendants.

The above matter is before the undersigned on defendant Northwest Airlines, Inc.'s Motion to Dismiss [Docket No. 10].[1]

The Court has considered the motion based only on the written submission of Northwest, as plaintiff did not respond to defendant's Motion to Dismiss.[2]

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

---

[1] On April 7, 2005, plaintiff filed a Complaint, naming as defendants Local 2000 International Brotherhood of Teamsters, Professional Flight Attendants Association, and Northwest Airlines, Inc. [Docket No. 1]. Local 2000 International Brotherhood of Teamsters (IBT) and Professional Flight Attendants Association (PFAA) were subsequently dismissed from the case. [Docket Nos. 37, 53]. Therefore, the only remaining defendant in this case is Northwest Airlines, Inc.

[2] The Court permitted plaintiff ample time to respond to Northwest's motion, granting two motions for extension of time to file a response to defendant's motion to dismiss. [Docket Nos. 31, 50]. Because Fox has not responded to defendant's motion to dismiss, the Court could conclude that Fox has abandoned her suit. Nonetheless, the Court has addressed the substance of defendant's motion.

Based upon the pleadings, and for the reasons discussed below, it is recommended that defendant's Motion to Dismiss [Docket No. 2] be **GRANTED**.

## I.   FACTUAL BACKGROUND

Plaintiff Beverly Fox ("Fox") is a former employee of defendant Northwest Airlines, Inc. ("Northwest"). On May 19, 1997, Fox was terminated for allegedly securing on-the-job-injury leave through fraud and lying during Northwest's investigation into her neck and back injury. Compl. ¶¶ 20, 21; Magnuson Aff. Ex. C, ¶ 13. Pursuant to the flight attendant collective bargaining agreement ("CBA") between Northwest and the International Brotherhood of Teamsters ("IBT"), Fox grieved the termination in arbitration. Compl. ¶¶ 5, 6.

The System Board of Adjustment, composed of John Flagler as neutral chairman, IBT board member William E. Rainey, and company board member Andrea M. Johnson, heard the case. On December 1, 2000, neutral chairman Flagler recommended that Fox's termination be upheld; Johnson concurred, but Rainey objected. Compl. ¶ 7, 23, Ex. A. Fox appealed the arbitration decision to the District Court. Compl. ¶ 8, 24; Magnuson Aff. Ex. B, C. The parties stipulated to dismiss the case with prejudice and the initial award was vacated and remanded to the System Board of Adjustment for additional proceedings. Compl. ¶ 8, 24; Magnuson Aff. Exs. B-G.

The remand stipulation required the grievance to be presented again to the original panel—the only issue to be considered was whether just cause had been shown for Fox's termination. Magnuson Aff. Ex. H, at 1-2. On January 20, 2003, Flagler tendered a draft award. Compl. Ex. B, at 19. The draft award sustained the termination. Compl. ¶ 9. Flagler signed the draft award, but did not create signature lines for the other board members and did

not immediately send the draft to the other two board members.[3]  Magnuson Aff. Ex. J.  Upon realizing the mistake, on January 31, 2003, Flagler sent the other board members an explanatory letter and the draft award signed by him with signature lines for them.  Id.

On January 31, 2003, Fox filed another complaint in federal court, demanding a new arbitration with a different arbitrator.  Magnuson Aff. Ex. K.  The threshold issue presented to the Court was whether it had subject matter jurisdiction over a System Board of Adjustment award challenge.  On cross motions for summary judgment, United States District Court Judge Ann D. Montgomery held that "[t]he Award does not specifically say 'draft,' but other evidence in the record suggests that the decision is not final.  Indeed, it cannot become final until signed by at least one more System Board member."  Fox v. Northwest Airlines, Inc., No. 03-978, 2003 WL 22272125, at *2 (D. Minn. Sept. 10, 2003).  On this basis, Judge Montgomery concluded the Court did not have jurisdiction over the case.  Id. at *3.  The Eighth Circuit affirmed the District Court's ruling.  Compl. Ex. C.

On October 17, 2003, after the District Court issued its ruling, company board member Johnson sent to Flagler the draft award signed by her on February 6, 2003.  Compl. ¶ 12, Exs. D, E.  In the letter accompanying the draft award, Johnson informed Flagler that the company concurred with the arbitrator's decision, but indicated that she was willing to participate in an executive session upon the union's request.  Compl. Ex. E.  Johnson also stated that she would show her concurrence with the award "on the final as well."  Compl. Ex. E.  Apparently, no further action was taken by any board member on the award after October 17, 2003.  Compl. ¶ 14.

---

[3]  Flagler did send the draft to the parties.  Magnuson Aff. Ex. J.

On April 7, 2005, Fox filed a Complaint in this Court alleging that the Board exceeded its jurisdiction under the Railway Labor Act, the Board's proceedings on remand denied her due process of law and failed to meet the fundamental fairness standards, the Board failed to comply with the requirements of the Railway Labor Act, the conduct of the neutral arbitrator and Northwest constituted affirmative misconduct, the arbitrator has shown an absence of impartiality, and the unions failed to provide proper representation.  Compl. ¶¶ 29-31, 33, 35.

In the Complaint, Fox alleged that an award purporting to be a final award was attached to the Complaint as Exhibit D, that it bore the signature of the neutral arbitrator, dated January 20, 2003, and the signature of Northwest's representative, dated February 6, 2003, but that neither Fox nor her attorney have been served with a "final" award.  Compl. ¶¶ 13, 14, Exs. D, E.  Fox then alleged that the "procedures for effecting a proper final arbitration award, including service of same, have not been followed, but the controversy is ripe for adjudication." Compl. ¶ 26.

Fox now seeks to vacate the decision by the System Board of Adjustment, with directions for immediate reinstatement with back pay and benefits, and an Order authorizing further proceedings before the System Board of Adjustment, on a de novo basis, and before a different Neutral Arbitrator.  Compl. ¶ 35.

## II.  STANDARD OF REVIEW

"Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."  Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).  In reviewing a motion to dismiss, the Court must accept as true all factual allegations contained

in the complaint and afford the plaintiff all reasonable inferences to be drawn from those facts. Meyer v. City of Joplin, 281 F.3d 759, 760-61 (8th Cir. 2002) (citing Young, 244 F.3d at 627). Dismissal is appropriate only if it appears beyond doubt that the plaintiff cannot prove any set of facts in support of the claim, which would entitle him to relief. See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002) (citing Sisley v. Leyendecker, 260 F.3d 849, 850 (8th Cir. 2001)). "[D]ismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Gebhardt v. ConAgra Foods, Inc., 335 F.3d 824, 829 (8th Cir. 2003) (citations omitted).

### III.   **DISCUSSION**

Northwest has moved to dismiss the Complaint on several grounds, including statute of limitations, lack of subject matter jurisdiction, and failure to state a claim. The statute of limitations issue properly disposes of this case; therefore, the Court need not address Northwest's other arguments.[4]

Northwest argued that this district applies a 90-day statute of limitations to actions seeking to vacate a system board award, citing to Osborne v. Northwest Airlines, No. 04-4830, slip op. at 7-8 (D. Minn. Feb. 23, 2005) (Doty, J.)(citing Granlund v. Northwest Airlines, Inc., No. 01-969 MJD/JGL, 2001 WL 1640038, at *2 (D. Minn. Dec. 12, 2001)). Northwest asserted that the System Board award became final on October 17, 2003, when the company

---

[4]   Northwest also argued that the Court lacks subject matter jurisdiction over the hybrid claim (i.e. charging the union with breaching its duty of fair representation while also accusing Northwest of breaching the CBA). The Court will not address these arguments because this is no longer a hybrid case. Both the IBT and PFAA were dismissed from this case. See n.1, supra.

board member submitted the draft award with her concurring signature and no further deliberation occurred. As Fox did not file her complaint until April 7, 2005, well beyond the 90-day statute of limitations, Northwest argued that her suit is barred.

In Granlund v. Northwest Airlines, Inc., No. 01-969 MJD/JGL, 2001 WL 1640038, at *2 (D. Minn. Dec. 12, 2001), the court articulated the applicability of the ninety-day statute of limitations to actions seeking to vacate a system board award, as follows:

> Section 153 of the Railway Labor Act ("RLA") provides a two-year statute of limitations for actions relating to railroad adjustment boards, but that section is expressly excluded from application to the airlines. 45 U.S.C. § 181; see also Air Line Pilots Ass'n, Int'l v. Northwest Airlines, Inc., 415 F.2d 493, 498 (8th Cir. 1969)(declining to apply attorney's fees provisions of Section 153 to an airline adjustment board arbitration). Accordingly, the Court must borrow a statute of limitations from the state law most closely analogous to the dispute. See Sheet Metal Workers Int'l Ass'n, Local Union No. 36 v. Systemaire, Inc., 241 F.3d 972, 975 (8th Cir. 2001)(determining that the state statute most closely analogous to the LMRA was the Missouri Uniform Arbitration Act). In this case, Minnesota's Uniform Arbitration Act ("MUAA") is the most closely analogous state statute for actions to vacate an arbitration award. See Minn. Stat. § 572.19, subd. 2. Under the MUAA, a motion to vacate an arbitration award must be made within 90 days after delivery of a copy of the award to the applicant. Id.

Granlund, 2001 WL 1640038, at *2.

This Court agrees with Northwest. The System Board arbitration award became final on October 17, 2003, when company board member Johnson sent her signed concurrence to the award to the other board members and the parties.[5] Fox failed to file this Complaint until April 7, 2005—far exceeding the 90-day filing period provided by the most closely analogous statute, Minn. Stat. § 572.18, subd. 2. Accordingly, Fox's Complaint is untimely and barred by

---

[5] If it is Fox's position that the award is still not final, then it is not ripe for adjudication by this Court, and this Court can have no jurisdiction over the matter. See Fox, 2003 WL 22272125, at *2.

the applicable statute of limitations. Therefore, this Court recommends that Northwest's motion to dismiss be granted.

## IV. <u>RECOMMENDATION</u>

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that defendant's Motion to Dismiss [Docket No. 10] be **GRANTED**.


Dated: February 9, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Pursuant to Local Rule 72.1(c), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **February 28, 2006** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.