**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Beverly Fox, suing as Beverly A. Fox,    Civil No. 05-682 (DWF/JSM)

    Plaintiff,

v.    **ORDER AND MEMORANDUM**

Professional Flight Attendants Association,
a Collective Bargaining Unit; and Northwest
Airlines, Inc., a corporation under the laws of
the State of Minnesota,

    Defendants.

---

Robert L. Stephens, Jr., Esq., Southside Law Center; and Gregg M. Corwin, Esq., Gregg M. Corwin & Associates Law Office, PC, counsel for Plaintiff.

Nicholas P. Granath, Esq., Seham Seham Meltz & Petersen, LLP, counsel for Defendant Professional Flight Attendants Association.

Kevin M. Magnuson, Esq., Robins Kaplan Miller & Ciresi LLP, and Timothy R. Thornton, Esq., and Susan E. Ryan, Esq., Briggs & Morgan, PA, counsel for Defendant Northwest Airlines, Inc.

---

    This matter is before the Court upon Plaintiff's objections to Magistrate Judge Janie S. Mayeron's Report and Recommendation dated February 9, 2006, recommending that Defendant's Northwest Airlines, Inc.'s Motion to Dismiss be granted.

    The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c). The factual background for the above-entitled matter is clearly and

precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff Beverly A. Fox's Motion for Late Filing of Objections to Report and Recommendation of U.S. Magistrate (Doc. No. 55) is **GRANTED** to the extent the Court has considered in all respects the objections of the Plaintiff, notwithstanding their untimeliness.

2. Plaintiff Beverly A. Fox's objections (Doc. No. 57) to Magistrate Judge Janie S. Mayeron's Report and Recommendation dated February 9, 2006, are **DENIED**.

3. Magistrate Judge Janie S. Mayeron's Report and Recommendation dated February 9, 2006 (Doc. No. 54), is **ADOPTED**.

4. Defendant's Motion to Dismiss (Doc. No. 10) is **GRANTED**.


Dated:  March 21, 2006         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court

**MEMORANDUM**

For reasons that are unclear to this Court, the Plaintiff did not submit a response to Defendant's motion to dismiss. Although the Court has considered, in all respects, the Plaintiff's objections, it rejects the notion that the Northwest Airlines bankruptcy filing had any effect on the ability of the Plaintiff to file a motion primarily because Plaintiff made no attempt to seek even an extension prior to the due date for her response.

The System Board arbitration award became final on October 17, 2003, when company board member Andrea M. Johnson sent her signed concurrence to the award to the other board members and the parties. As appropriately noted by the Magistrate Judge, if it is the Plaintiff's position that the award is still not final, then it necessarily follows that the Court can have no jurisdiction over the case.

The Plaintiff did not file her complaint until April 7, 2005, a date which far exceeded the 90-day filing period provided by the most closely analogous Minnesota statute, Minnesota Statute § 572.18, subd. 2. Accordingly, the Plaintiff's complaint is untimely and barred by the applicable statute of limitation. While the Court does not reach the issue of whether this Court lacks subject matter jurisdiction over Plaintiff's claim, charging the union with breaching its duty of fair representation and also accusing Northwest of breaching the collective bargaining agreement, it would appear that there is significant merit to Defendant's position that the Court lacks subject matter jurisdiction.

Finally, Plaintiff's case cannot be rescued by the automatic stay that was issued by the bankruptcy court on September 14, 2005. The Defendant's motion to dismiss is not

related to the implementation of the orders of the bankruptcy court filed on September 15, 2005, and November 16, 2005.

For these reasons, the Court has adopted the Report and Recommendation of Magistrate Judge Janie S. Mayeron and, in so doing, has granted Defendants' motion to dismiss.

D.W.F.